UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SADIE R. CAMPBELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1357 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Sadie Campbell brought this action under the Social Security Act, 42 U.S.C. § 405(g), for review of the final decision of the Commissioner denying her request for disability insurance benefits and supplemental security income for the period March 29, 2002 to October 21, 2005. The parties have filed motions for summary judgment (Dkts. 16, 17). Having considered the parties' submissions, the administrative record, and applicable law, the court determines that Campbell's motion should be denied and the Commissioner's motion should be granted.[1]

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including the final judgment.

**I.     Background**

Campbell filed for disability benefits under Title II of the Social Security Act on December 31, 2003, at age 53,[2] alleging that she had been unable to work since March 29, 2002, due to back and wrist problems, tremors, leg weakness, and depression.[3]  On November 6, 2003, Campbell submitted a claim for Supplemental Security Income payments under Title XVI of the Social Security Act.  Her claims were denied initially and on reconsideration, and a request for a hearing was timely filed.  An administrative hearing was held on August 25, 2005.[4]  The Administrative Law Judge ("ALJ") issued a October 21, 2005 decision rejecting Campbell's claims,[5] finding that Campbell was not disabled within the meaning of the Social Security Act and had the residual functional capacity to perform light work.[6]  The Appeals Council declined Campbell's request for review on February 10, 2006, making the October 21, 2005 decision subject to review by this court.

**II.    Analysis**

    **A.     Standard of Review**

---

[2]   Record (R), 57.  Plaintiff was 56 at the time of the administrative hearing.

[3]   R. 73-78.

[4]   R. 182.

[5]   R. 15-23.

[6]   Light level work involves carrying 20 pounds occasionally and 10 pounds frequently with a sit/stand option, as well as, the ability to walk for 4 to 8 hours in an 8 hour workday with a limited ability to push and pull.

Section 405(g) of the Social Security Act sets forth the standard of review in this case. Federal courts review a decision denying Social Security benefits to determine whether (1) the Commissioner applied the proper legal standard and (2) the decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence is "more than a scintilla and less than a preponderance." *Masterson*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court does not re-weigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In order to qualify for disability benefits, a plaintiff must prove she has a disability, which is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d at 271. The ALJ must follow a five-step sequential analysis to determine whether a plaintiff is in fact disabled:

1. Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

2. Does the claimant have a severe impairment? If the answer is yes, the inquiry proceeds to question 3.

>   3.  Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If so, the claimant is disabled. If not, then the inquiry proceeds to question 4.
>
>   4.  Can claimant still perform her past relevant work? If so, the claimant is not disabled. If not, then the agency must assess the claimant's residual functional capacity.
>
>   5.  Considering the claimant's residual functional capacity, age, education, and work experience, is there other work claimant can do? If so, claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. At step five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

**B.**     **The Commissioner's Decision and the Evidence of Record**

The ALJ engaged in the five-step procedure outlined above. The judge found that Campbell had not engaged in substantial gainful activity since her alleged onset date of March 29, 2002; that Campbell's impairments of degenerative disc disease of the cervical spine and a history of tenosynovitis of the left wrist were severe; that the impairments were not so severe as to meet or equal one of the impairments listed in Appendix 1; that Campbell could not perform her past relevant work, but viewing Campbell's age, education, and experience in conjunction with the Medical Vocational Guidelines of Appendix 2, she had a residual functional capacity to perform light level of work during the period at issue; and there were significant number of such jobs available in the national economy. Based on

these findings, the ALJ concluded Campbell was not disabled as defined by the Social Security Act for the period March 29, 2002 to October 21, 2005.

Campbell argues that the ALJ's decision was in error because the ALJ failed to articulate the reasons for his decision at Step 3 that her condition was not equal in severity to the Listing 1.04A. Under Listing 1.04A, a claimant has a presumption of disability when there is evidence of disorders of the spine resulting in compromise of a nerve root of the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test.[7] If the claimant cannot provide evidence that she meets that disability standard, then she must present evidence of symptoms or other findings that are equal in severity.[8] The ALJ has the responsibility of deciding whether the claimant's impairment is medically equivalent to the Listing 1.04A.[9]

In support of her position, Campbell relies upon a medical opinion from Dr. Hamilton, which was given on August 23, 2005. Based solely on his review of medical records, Dr. Hamilton acknowledged that Campbell's condition did not meet the criteria of Listing 1.04A because "she does not have all the neurological deficits necessary." Nevertheless, Dr.

---

[7]   20 C.F.R. Pt. 40, Subpt. P, App. 1 § 1.04(A).

[8]   20 C.F.R. §§ 404.1526(a), 416.926(a).

[9]   20 C.F.R. §§ 404.1526(e), 416.926(e).

Hamilton continued, "I believe that the positive MRI and positive EMG [electromyogram] at the same level are equal in severity to the findings needed to meet the listing and I would therefore say she equals Listing 1.04A.[10]  However, Dr. Hamilton did not specify any symptoms or other findings that are required for a finding of severity equivalent to Listing 1.04A.

The ALJ gave the opinion of Dr. Hamilton little weight due to its inconsistency with the medical evidence of record.[11]  The ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  Here the ALJ discussed in cogent detail the basis for rejecting Dr. Hamilton's opinion on medical equivalence:

> The nerve conduction study on July 15, 2002, revealed evidence of only very mild carpal tunnel syndrome (Exhibit 1F, page 4).  In the EMG dated May 27, 2003, it was noted that there was evidence of left C6-C7 radiculopathy; however, the Administrative Law Judge notes that the severity of the radiculopathy was not given.  The medical record fails to show whether there was a significant loss of muscle strength or any neurological deficits.  In a medical report dated January 29, 2003, only four months prior to the EMG, the claimant was found to have 5/5 muscle strength throughout.  Additionally, there was no evidence of any atrophy and the range of motion of the cervical spine was within normal limits. During an examination by Jacob Varon, M.D., it was noted that the claimant's complaints of numbness were inconsistent with the objective findings (Exhibit 2F, pages 10 and 18 and Exhibit 3F, pages 6 and 9).  Furthermore, it is emphasized that Dr. Hamilton does not have a treating relationship with the claimant.  This opinion was received through attorney referral and Dr. Hamilton never saw the claimant but merely reviewed the medical records.  Also, there is no definitive way to determine whether Dr.

---

[10]   R. 180.

[11]   R. 16-17.

Hamilton was provided the entire medical record, especially considering the fact that additional medical records were received at the hearing (Exhibits 8F and 9F). Thus, the opinion of Dr. Hamilton is given little weight.[12]

The ALJ is charged with the duty and responsibility of resolving conflicts in medical evidence and medical opinions, weighing the evidence and determining the case accordingly. *Chaparro v. Bowen*, 815 F.2D 1008, 1010-101 (5th Cir. 1987); *Barrajas v. Heckler*, 738 F.2d 641, 645 (5th Cir. 1984). It has long been held that acceptance of one expert's opinion over another may constitute substantial evidence. *Chaparro v. Bowen*, 815 F.2D 1008, 1010-101 (5th Cir. 1987); *Barrajas v. Heckler*, 738 F.2d 641, 645 (5th Cir. 1984). The ALJ properly addressed, evaluated, and declined to follow Dr. Hamilton's opinion of medical equivalence to a listed impairment.

### III. Conclusion

The ALJ did not err in ruling that Campbell is not entitled to disability benefits, because there was substantial medical evidence in the record to support that conclusion and the proper legal standards were applied. Therefore, plaintiff's motion for summary judgment is denied, and the Commissioner's decision is affirmed.

Signed at Houston, Texas, on August 13, 2007

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge

---

[12] R. 17.